UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                  :

JEFFREY SMITH,                              :

                        Plaintiff,            :

                  -v-                    :           24 Civ. 4633 (JPC)

                                     :

META PLATFORMS, INC.,             :           OPINION AND ORDER

                                     :

                      Defendant.       :

                                     :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Jeffrey Smith, a former employee of Defendant Meta Platforms, Inc. ("Meta"), alleges that his supervisors at Meta retaliated against him for complaining about the company's treatment of female employees. Upon Meta's motion, the Court compelled arbitration of Smith's allegations and stayed the proceedings in this case. *Smith v. Meta Platforms, Inc.*, No. 24 Civ. 4633 (JPC), 2025 WL 2782484, at *6-11 (S.D.N.Y. Sept. 30, 2025). Smith now moves for leave to file an interlocutory appeal challenging the Court's decision. For the reasons explained below, the Court denies Smith leave to file an interlocutory appeal.

## I.  Background

The Court assumes the parties' familiarity with the facts of this case, which were described in the Court's prior Opinion and Order.  *See id.* at *1-3.  Smith initiated this action by filing a Complaint against Meta on June 18, 2024.  Dkt. 1.  After Smith filed an Amended Complaint on September 6, 2024, Dkt. 16, Meta moved to compel arbitration and stay the proceedings under Sections 3 and 4 of the Federal Arbitration Act ("FAA") on October 3, 2024, Dkt. 20, and Smith then filed a Second Amended Complaint on October 18, 2024, Dkt. 28.

On September 30, 2025, the Court granted Meta's motion to compel arbitration and stay the proceedings.  *Smith*, 2025 WL 2782484, at *6-11.  Important for present purposes, the Court ruled that the arbitration agreement between Smith and Meta was enforceable notwithstanding the Ending Forced Arbitration Act ("EFAA"), 9 U.S.C. § 402—an amendment to the FAA which provides that arbitration agreements are unenforceable "with respect to a case which . . . relates to [a] sexual assault dispute or [a] sexual harassment dispute."  *Id.* at *5 (quoting 9 U.S.C. § 402(a)).  In so ruling, the Court concluded that the EFAA applies only if (1) "[a plaintiff] shows that his case relates to conduct that would, if proven, actually amount to sexual harassment under Federal, Tribal, or State law"; and (2)  the "sexual harassment must be sexual in nature."  *Id.* at *8.

On November 7, 2025, Smith filed the instant motion for leave to file an interlocutory appeal.  Dkts. 39, 40 ("Motion"); *see* 28 U.S.C. § 1292(b).  In particular, Smith proposes that the Court certify an appeal on the following questions:

> 1. To trigger the EFAA and invalidate an arbitration agreement, must a litigant show that his sexual harassment-related allegations are plausible under Rule 12(b)(6) or that the alleged conduct "would, if proven, actually amount to sexual harassment," or is he merely required to show that the sexual harassment-related allegations are not frivolous?[1]

---

[1] Smith suggests that by concluding that the EFAA does not apply unless a plaintiff alleges

2

2. Does sexual harassment require allegations of conduct that is "sexual in nature" or "sexually-charged," or is it sufficient to allege that the employer created a hostile work environment because of sex?

Motion at 3.

Meta opposed Smith's motion for an interlocutory appeal on November 21, 2025, Dkt. 42 ("Opposition"), and Smith submitted a reply in support of his motion on December 4, 2025, Dkt. 43 ("Reply").  Smith then filed additional letters in support of his motion on December 23, 2025, January 27, 2026, February 19, 2026, and February 26, 2026.  Dkts. 44-47.  Meta responded to Smith's supplemental letters on March 11, 2026, Dkt. 48, after which Smith filed a fifth supplemental letter on April 7, 2026, Dkt. 49.

## II.  Legal Standard

A district court may certify an interlocutory appeal only where "the decision at issue (1) involves a controlling question of law (2) as to which there is substantial ground for a difference of opinion and (3) as to which an immediate appeal may materially advance the ultimate termination of the litigation."  *Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 392-93 (S.D.N.Y. 2014).  With respect to the first requirement, a question is "controlling" if it would either "terminate the action" or at least "materially affect the litigation's outcome."  *Consub Del.*

---

"conduct that would, if proven, actually amount to sexual harassment," *Smith*, 2025 WL 2782484, at *8, the Court created a standard "higher than the Rule 12(b)(6) standard" and "arguably higher still than the summary judgment standard," Motion at 8.  That is not so.  The Court held that the EFAA applies when a party "assert[s] facts that actually constitute a legal violation," which is "a standard similar to a pleading requirement."  *Smith*, 2025 WL 2782484, at *6, *10 n.16 (emphasis omitted); *cf. id.* at *8 (explaining that "a party invoking the EFAA need [not] necessarily state a cause of action for sexual harassment, because to invoke the EFAA, a party's case need only relate to sexual harassment" (citation modified)).  In articulating this standard, the Court observed that Congress "avoid[ed] the language of 'pleadings,' 'complaints,' or 'stating a claim,'" but that may have been simply because "a party invoking the EFAA need not be a plaintiff in the lawsuit at issue."  *Id.* at *9 n.15.

3

*LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007).  The question must also be "a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record."  *Id.* (citation omitted).  As to the second requirement, "[a] substantial ground for difference of opinion exists when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 539 (S.D.N.Y. 2014) (citation modified).  "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).  Finally, with regard to the third requirement, the "use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996).  District courts should hesitate to certify where "many of the same . . . issues . . . would still have to be litigated" irrespective of the decision of the Court of Appeals on any certified questions.  *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992).

"District courts retain unfettered discretion to deny certification of an interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met."  *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (citation modified); *see Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . confer[red] on district courts first line discretion to allow interlocutory appeals.").  In the exercise of this discretion, "the Second Circuit has 'urge[d] the district courts to exercise great care in making a § 1292(b) certification.'"  *U.S. ex rel. Mikes v. Straus*, 939 F. Supp. 301, 302-03 (S.D.N.Y. 1996) (quoting *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).  "[O]nly 'exceptional circumstances [will] justify a departure from the

4

basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

### III. Discussion

Smith argues that each of the questions he proposes to certify involves a controlling question of law as to which there is substantial ground for a difference of opinion, and that an immediate appeal would materially advance the termination of this litigation. Motion at 4-19. Even assuming that to be the case, however, Smith does not justify why the Court should exercise its discretion to authorize an interlocutory appeal. *See* Opposition at 15 (arguing that, even if the Court were to find the three prerequisites met, the Court should exercise its discretion to deny Smith's motion because he has not demonstrated "exceptional circumstances"). In his reply in support of his motion, Smith says only that "Meta does not explain why" the Court should "exercise its discretion [to] deny permission to appeal." Reply at 8. But Smith, as the movant, "bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review." *Jud. Watch, Inc. v. Nat'l Energy Pol'y Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002). He has not done so here.

In fact, two discretionary considerations weigh in favor of denying Smith leave to file an interlocutory appeal. First, since this case involves a single plaintiff and relatively straightforward factual allegations, and arbitration generally "allow[s] for efficient, streamlined procedures," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011), "it is safe to assume that the appeal process [in this case] will take longer than the arbitration," and therefore a ruling on interlocutory appeal in favor of Meta would considerably "extend[] the time in which a final decision on the

5

merits is rendered," *Murray v. UBS Sec., LLC*, No. 12 Civ. 5914 (KPF), 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014); *see also Owner-Operator Indep. Drivers Assoc., Inc. v. Swift Transp. Co., Inc.*, No. 02 Civ. 1059 (PGR), 2004 WL 5376210, at * 1 (D. Ariz. July 28, 2004) ("The Court also has to consider that since the appeal process would realistically take far longer than would the arbitration process, an interlocutory appellate ruling adverse to the plaintiffs would only prolong the termination of the plaintiffs' claims.").  As such, certification would not further "the ultimate efficiency goals of § 1292(b)." *Marisol A. by Forbes v. Giuliani*, 104 F.3d 524, 529 (2d Cir. 1996).

Second, the issues that Smith seeks to raise in an interlocutory appeal may soon be addressed by the Second Circuit in pending appeals.  *See Am. Nat. Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 249 (S.D.N.Y. 2003) ("The efficiency of both the district court *and the appellate court* are to be weighed." (emphasis added)).  The district courts' decisions interpreting the EFAA in *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498 (S.D.N.Y. 2024), *Puris v. TikTok Inc.*, No. 24 Civ. 944 (DLC), 2025 WL 343905 (S.D.N.Y. Jan. 30, 2025), and *Brazzano v. Thompson Hine LLP*, No. 24 Civ. 1420 (ALC), 2025 WL 963114 (S.D.N.Y. Mar. 31, 2025), are all on appeal, and oral argument already has occurred in *Diaz-Roa* and *Puris*.  Even if those appeals raise issues slightly different than the ones presented here, *cf.* Motion at 10, the Second Circuit soon will have ample opportunity to construe the EFAA and to provide greater clarity to district courts.

There are thus no "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer*, 921 F.2d at 25 (citation omitted).

## IV.  Conclusion

For the foregoing reasons, the Court denies Smith's motion for leave to file an interlocutory appeal.  The Clerk of Court is respectfully directed to close the motion at Docket Number 39.

SO ORDERED.

Dated: April 14, 2026
      New York, New York

                              JOHN P. CRONAN
                          United States District Judge